# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

James E. Smith,
      Petitioner,

vs.

                                     Case No. 1:08cv350
                                     (Dlott, J.; Hogan, M.J.)

Warden, Lebanon Correctional
Institution,
      Respondent

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss (Doc. 7), and petitioner's response in opposition to the motion (Doc. 8).

### Procedural Background

In this action, petitioner challenges his January 13, 2004 conviction and sentence in the Butler County, Ohio, Court of Common Pleas on the following criminal charges: two counts of rape in violation of Ohio Rev. Code § 2907.02(A)(1); two counts of gross sexual imposition in violation of Ohio Rev. Code § 2907.05(A)(4); and one count of unlawful sexual contact with a minor in violation of Ohio Rev. Code § 2907.04(A). (*See* Doc. 7, Exs. 1, 8). Petitioner was sentenced to an aggregate prison term of seventeen (17) years to life based on the imposition

of consecutive terms of imprisonment of life for one of the rape offenses, nine (9) years for the second rape offense, and four (4) years for each of the gross sexual imposition offenses, as well as a concurrent four (4) year prison term for the unlawful sexual conduct offense. (*Id.,* Ex. 8).

With the assistance of counsel, petitioner timely appealed to the Ohio Court of Appeals, Twelfth Appellate District, raising the following assignments of error: (1) petitioner was denied a fair trial "when the trial court allowed a psychologist who had examined some of the alleged victims to testify that the girls were telling the truth;" (2) the trial court abused its discretion "when it allowed the psychologist rebuttal witness to testify over defense objection;" (3) trial counsel was ineffective "for eliciting further information from the prosecution's rebuttal witness concerning the alleged victims' credibility;" and (4) the trial court abused its discretion "when it refused to allow the jurors to see a transcript of Latanya's testimony." (*Id.,* Ex. 9). On January 10, 2005, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgment. (*Id.,* Ex. 12).

Petitioner's counsel next filed a timely appeal on petitioner's behalf to the Ohio Supreme Court. (*Id.,* Ex. 13). In the memorandum in support of jurisdiction, petitioner asserted two propositions of law challenging (1) the psychologist's testimony "that in her opinion the alleged victims had in fact been molested;" and (2) the psychologist's rebuttal testimony "that the alleged victims are credible." (*Id.*). On May 25, 2005, the Ohio Supreme Court declined jurisdiction to hear the case and dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. 15).

Petitioner did not take any further action to challenge his conviction or sentence until nearly three years later when, on May 13, 2008, he filed a motion for leave to file a delayed motion for new trial based on "newly discovered evidence" with the Butler County Common Pleas Court. (*Id.,* Ex. 16). Upon review of the court's docket records, which are accessible on the internet, it appears that the motion is still pending before the trial court for ruling.

Petitioner also commenced the instant federal habeas corpus action in May 2008. The petition, which was stamped as "filed" on May 20, 2008, contains petitioner's signed declaration that the petition was placed in the prison mailing system on May 7, 2008. (Doc. 1, p. 15). Under *Houston v. Lack,* 487 U.S. 266

2

(1988), the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); *see also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). Absent evidence to the contrary, it therefore appears the petition was delivered to prison authorities for mailing and thus "filed" for statute of limitations purposes on May 7, 2008.

In the petition, petitioner alleges as the sole ground for relief that he was denied his due process right to a fair trial when the "trial court, over objection permitted the state to present testimony from a psychologist asserting that the accusers' stories were true and bolstering their credibility with the jury, in a case which rested entirely and completely upon such credibility." (Doc. 1, p. 6).

In response, respondent has filed a motion to dismiss the petition on the ground that it is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. (Doc. 7). Petitioner opposes the motion. (Doc. 8).

## OPINION

### The Petition Should Be Dismissed As Time-Barred

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, petitioner seeks relief based on an alleged error that occurred during his state criminal trial. Petitioner was well aware of the facts underlying the ground for relief before the conclusion of the direct review proceedings. Indeed, he raised the claim to both the Ohio Court of Appeals and Ohio Supreme Court in those proceedings. (*See* Doc. 7, Exs. 9, 13). Therefore, as respondent has argued (*see id.*, Brief, p. 8), the petition is governed by the one-year statute of limitations set forth in § 2244(d)(1)(A), which began to run when petitioner's conviction became "final" by the conclusion of direct review or expiration of time for seeking such review.

Petitioner's conviction and sentence became "final" within the meaning of § 2244(d)(1)(A) when the ninety-day period expired on August 23, 2005 for seeking certiorari review by the United States Supreme Court of the state supreme court's final May 25, 2005 entry. *See Lawrence v. Florida*, 127 S.Ct. 1079, 1083-84 (2007) (citing *Clay v. United States*, 537 U.S. 522, 527-28 (2003)). The statute commenced running a day later on August 24, 2005, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on August 24, 2006 unless statutory or equitable tolling principles apply to extend the limitations period.

During this one-year period, petitioner was entitled to the benefits of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2).[1] The tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *see also Smith v. McGinnis*, 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied*, 531 U.S. 840 (2000); *Sorce v. Artuz*, 73 F.Supp.2d 292, 294

---

[1]*See also Bennett v. Artuz*, 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000); *Gaskins v. Duval*, 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Gendron v. United States*, 154 F.3d 672, 675 & n.3 (7th Cir. 1998) (per curiam), *cert. denied*, 526 U.S. 1113 (1999); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell*, 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied*, 522 U.S. 1149 (1998).

4

(E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Rashid,* 991 F. Supp. at 259; *cf. Cox v. Angelone,* 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

Here, the statute of limitations expired in August 2006, well over one and one-half years before petitioner filed his motion in May 2008 for leave to file a delayed motion for new trial in the Butler County Court of Common Pleas. Therefore, petitioner did not file any applications for state post-conviction relief or other collateral review that could have even arguably served to statutorily toll the limitations period under § 2244(d)(2).

Petitioner contends in his memorandum in opposition to respondent's motion to dismiss that he is entitled to equitable tolling of the limitations period in this case. (*See* Doc. 8). He claims that equitable tolling is appropriate because he has made a "colorable showing of actual innocence." (*Id.,* p. 5). Petitioner further argues that equitable tolling is appropriate because counsel hired by his family "to perfect additional exhaustion of state remedies" never advised him of the one-year statute of limitations, and therefore, he had "no actual or constructive knowledge of the filing deadline." (*Id.,* p. 2). Petitoner states that "it can reasonably be said that he effected due diligence by having counsel hired on his behalf, and that the ineffectiveness of said counsel is the root cause of the untimeliness of the instant proceeding." (*Id.*). Finally, petitioner points out that the retained attorney, Clyde Bennett, is in jail on a felony fraud conviction and was suspended from the practice of law in February 2008, which constitutes "sufficient extraordinary circumstances to compel equitable tolling" of the statute of limitations in this case.

Although the Supreme Court has not decided whether equitable tolling applies to otherwise untimely claims, *see Lawrence,* 127 S.Ct. at 1085, the Sixth Circuit has held that the statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied,* 534 U.S. 1057 (2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). In *Pace v. DiGuglielmo,* 544 U.S. 408 (2005), the Supreme Court indicated that to the extent equitable tolling

5

is applicable, the petitioner bears the burden of establishing that (1) he has been pursuing his rights diligently; and (2) "some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)); *see also Lawrence,* 127 S.Ct. at 1085.

The Sixth Circuit has held that the following factors are to be considered in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Here, petitioner essentially contends in his response to the motion to dismiss that under *Dunlap,* he lacked actual or constructive knowledge of the one-year filing deadline for federal habeas petitions and was reasonable in remaining ignorant of that filing requirement, because counsel retained by his family to pursue further relief after his conviction was affirmed on direct review never informed him of the deadline. (*See* Doc. 8, p. 2). In support of this argument, petitioner attached to his opposition memorandum the first page of a letter dated December 10, 2007, which was sent to him from an attorney at the Cincinnati law firm Dinsmore & Shohl, responding to a letter that he had mailed to the law firm on November 26, 2007. The letter provided in pertinent part:

> Your letter [mailed on November 26, 2007] makes several assertions; (1) that your family retained Mr Bennett "in the first or second month of

6

06;" (2) that Mr. Bennett was retained to do your appeal; (3) that Mr. Bennett was paid $2,500.00; (4) that you have not heard from Mr. Bennett since he received the check; (5) that there was new evidence to help you overturn your conviction in Mr. Bennett's possession; (6) that you wish Mr. Bennett to return all of your papers.

I will address these matters in the order they appear above. You sent Mr. Bennett an unsolicited letter on about January 17, 2006 seeking Mr. Bennett's assistance in overturning your conviction and sending him documents concerning your case. On January 25, 2006, Mr. Bennett responded to your letter indicating that he was willing to assist you, but that you had to first pay $7,500.00. In that same letter, Mr. Bennett returned to you certain documents stating, "I have also returned the Butler County Court of Common Pleas Juvenile Decision supporting your attempts to obtain freedom. I will not take possession over these documents until I am retained."

Instead of sending Mr. Bennett the $7,500.00 he requested, your family sent Mr. Bennett $2,500.00 so that Mr. Bennett could conduct an investigation into your case to determine if a further appeal was worthwhile. Contrary to your assertion, this did not take place until after February 2006. Also, contrary to your assertion, Mr. Bennett was not retained to conduct a full appeal in your case. . . .

*(Id.).*[2]

Based on the information provided to this Court, it appears that contrary to petitioner's contention, counsel was not retained by petitioner's family to pursue further appeals but only to conduct an investigation regarding "new evidence"

---

[2] Only the first page of the letter, containing the information quoted herein, has been provided to the Court. Therefore, there is no additional information which may be quoted regarding counsel's response to petitioner's other contentions contained in his letter mailed to Dinsmore & Shohl on November 26, 2007.

apparently provided by petitioner in his initial January 17, 2006 letter seeking assistance from Clyde Bennett.  Under these circumstances, counsel, who was retained solely to investigate a possible new ground for reversal of petitioner's conviction, had no duty to advise petitioner of the one-year deadline set forth in 28 U.S.C. § 2244(d)(1)(A) for filing a federal habeas petition challenging petitioner's conviction based on claims of error that had already been raised on direct appeal. Counsel also was under no duty to file a motion for new trial for the purposes of tolling the limitations period, particularly given that he was retained solely in an investigatory capacity.

In any event, even assuming attorney error were involved here, it is not a ground for equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 403-04 (6th Cir. 2004), *cert. denied*, 543 U.S. 865 (2004); *see also Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003) ("Generally, 'a lawyer's mistake is not a valid basis for equitable tolling.'").  Nor does the fact that Mr. Bennett was later convicted in an unrelated matter for fraud and was suspended from the practice of law in February 2008 justify equitable tolling of the statute of limitations in this case.

Moreover, even assuming as petitioner has argued that petitioner lacked knowledge of the one-year filing deadline until he was informed of it by an "inmate legal clerk," who then immediately prepared and filed the instant petition in May 2008, it was unreasonable for petitioner to remain ignorant of the filing requirement for as long as he has claimed.  Petitioner did not file the instant petition until nearly three years after the Ohio Supreme Court entered its final order on May 25, 2005 in the state direct review proceedings.

Petitioner's ignorance of the law regarding the filing deadline during that three-year period is insufficient to justify equitable tolling. *See Yukins*, 366 F.3d at 403; *see also Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("[A]n inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations"), *cert. denied*, 538 U.S. 984 (2003).  In addition, equitable tolling is not warranted simply because petitioner's family retained counsel in February 2006 to investigate "new evidence" possibly supporting another ground for reversal of petitioner's conviction.  The retention of counsel to investigate a

8

possible new ground for relief does not constitute due diligence on petitioner's part in pursuing his rights with respect to claims of error that had been raised and decided on direct appeal.

Finally, petitioner has not demonstrated that he is entitled to equitable tolling based on a colorable showing of actual innocence. In *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005), the Sixth Circuit, following *Schlup v. Delo*, 513 U.S. 298 (1998), held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." The *Souter* court stated that "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter*, 395 F.3d at 602.

To make the necessary showing, petitioner must support his allegations of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has made no such showing in this case.

In support of his motion for leave to file a motion for new trial, which is currently pending before the Butler County Common Pleas Court, petitioner attached as an exhibit a decision rendered in a proceeding before the Juvenile Division of the Butler County Common Pleas Court awarding permanent custody of one of petitioner's children to the Butler County Children Services Board (BCCSB). (*See* Doc. 7, Ex. 16, attached Ex. A). In that decision, the court referred to "at least one occasion" in which the mother told the child "to lie to the court because, if she didn't lie, the girls would never go back home." (*See id.*). This evidence, which arose in and pertained to the juvenile proceeding held in August 2005, well over a year and one-half after petitioner's trial and conviction in December 2003, could not have been used to establish that the mother had induced the children to lie in the unrelated, separate criminal trial involving sex offense charges against petitioner.

Accordingly, in sum, the undersigned concludes that petitioner's sole ground

9

for relief is governed by the one-year statute of limitations set forth in 28 U.S.C. §
2244(d)(1)(A), and that the statute commenced running in August 2005 and expired
one year later in August 2006. Neither the statutory tolling provision set forth in 28
U.S.C. § 2244(d)(2) nor equitable tolling principles apply to justify excusing the
statute of limitations bar in this case. The instant petition, filed in May 2008, was
submitted nearly two years too late.

It is, therefore, **RECOMMENDED** that respondent's motion to dismiss (Doc.
7) be **GRANTED**, and petitioner's petition for writ of habeas corpus (Doc. 1) be
**DISMISSED** with prejudice as time-barred.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Respondent's motion to dismiss (Doc. 7) be **GRANTED**, and that
petitioner's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254
(Doc. 1) be **DISMISSED** with prejudice as time-barred.

2.  A certificate of appealability should not issue with respect to any Order
adopting this Report and Recommendation to dismiss the petition with prejudice on
procedural statute of limitations grounds, because under the first prong of the two-
part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists
of reason" would not find it debatable whether this Court is correct in its procedural
ruling.[3]

3.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any
Order adopting this Report and Recommendation would not be taken in "good faith"
and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon
a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,*

---

[3] Because this Court finds that the first prong of the two-part *Slack* standard has not been
met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of
reason" would find it debatable whether petitioner has stated a viable constitutional claim in the
petition. *See Slack,* 529 U.S. at 484.

117 F.3d 949, 952 (6th Cir. 1997).

Date: _____
     cbc

Timothy S. Hogan
United States Magistrate Judge

J:\BRYANCC\2008 habeas orders\08-350grantMTD-sol.newtrialmtn.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

James E. Smitih,
    Petitioner,

                                     Case No. 1:08cv350

        v.                             (Dlott, J.; Hogan, M.J.)

Warden, Lebanon Correctional
Institution,
    Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X      ☐ Agent   ☐ Addressee<br>B. Received by (*Printed Name*)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>James E. Smith #465-159<br>P.O. Box 56<br>Lebanon Corr Inst.<br>Lebanon, OH 45036 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br><br>3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)   ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7007 0710 0000 8134 9137 |

PS Form 3811, August 2001      Domestic Return Receipt      102595-02-M-1540

1:08CV350 (Doc. 9)